IN THE DISTRICT COURT OF THE UNITED STATES
RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : No. CR-05-10S
:
SILVIO DELEON :
:
:

DEFENDANT'S MOTION IN LIMINE

Now comes the Defendant Silvio DeLeon by and through his attorney Joseph L. DeCaporale and hereby moves in limine for an order precluding the United States from any reference in its opening statement or the introduction of any testimony based on the laboratory report submitted to the government from BEKTEK, LLC regarding the identification of the Defendant's voice on certain tapes which the government intends on introducing during the trial of this matter.

As grounds for the foregoing motion the Defendant states that the opinion being sought by the government is in violation of the Federal Rules of Evidence Rules 702, 703 and 705 as well as the holding in Daubert vs. Merrell Dow Pharmaceuticals, Inc. 509 US 579 (1993). The attached Memoranda of Law states more specifically the grounds for this motion.

Respectfully submitted:

Joseph L. DeCaporale, Jr.
ATTORNEY FOR SILVIO DELEON

400 Reservoir Avenue, Suite G
Providence, RI 02907
(401) 228-8960
(401) 228-8961 (fax)

CERTIFICATION

I hereby certify that on this 15 day of September, 2005, I served a copy of the within Motion to Continue by mailed same first class mail, postage prepaid to those as indicated below.

Kate A. Malence

Kevin Fitzgerald, Esq.
Federal Defender's Office
Suite 300
Ten Weybosset Street
Providence, RI 02903

Mary Rogers, Esq.
Assistant United States Attorney
50 Kennedy Plaza
Providence, RI 02903

IN THE DISTRICT COURT OF THE UNITED STATES
RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | No. CR-05-10S |
| SILVIO DELEON | : | |

MEMORANDA OF LAW IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE

This case is about to proceed to trial and the government seeks to introduce the identification of this Defendant's voice on certain taped telephone conversations intercepted by the government. The report which is attached hereto and made a part hereof results in what the expert claims "a probable identification decision." Further, the report states that the aural portion of the comparison between the unknown voice and the three telephone conversations and the known exemplars of the Defendant's voiced revealed "very similar vocal characteristics in quality."

The examiners claim that standards require that every aural/spectrographic voice comparison produce one of seven (7) decisions: Identification, "Probable Identification", Possible Identification, Inconclusive, Possible Elimination, Probable Elimination and Elimination.

The report further states that voice identification using the spectrographic method is not considered a "completely conclusive technique". However, the results are considered meaningful when obtained following accepted standards.

The 2000 amendments to Rule 702 make clear that the courts gate-keeping function applies to expert testimony based on technical and other specialized knowledge as well as scientific testimony. See Kumaho Tire Company vs. Carmichael 528 US 137 (1999). In that decision the court held as follows: "Where the testimony's factual basis, data, principles,

methods or their application are called sufficiently into question... the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" 526 US 149 119 S.Ct. at 1174 (quoting *Daubert*, 509 US 592).

In evaluating the reliability of nonscientific expert testimony, the court may have to consider factors other than those listed in *Daubert*. Whether one or more of the Daubert factors will be pertinent depends on the nature of the issue, the area of the expertise, and the subject of the testimony. The ultimate objective of the gatekeeping function is the same for all expert testimony: "It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." 526 US at 152 119 S.Ct. at 1176.

*Kumho* emphasizes that a finding that an expert employed a methodology that is generally accepted in the particular field may not be sufficient to justify admission of the expert's conclusion. The court must further inquire into the reasonableness of using that methodology to reach the particular conclusion in the case.

In <u>Stutzman v. CRST, Inc.,</u> 997 F.2d 291, 294-95 (7th Cir.1993) the Circuit Court held that factfinders will not be helped by hearing an opinion that is unduly tentative or hedged.

Defendant in this matter respectfully points out to the court that in a matter of this magnitude the government's burden is proof beyond a reasonable doubt. Probable identification decisions as well as conclusions that certain characteristics are very similar are in fact unduly tentative or hedged.

The expert's statement that voice identification using the spectrographic method is not considered a completely conclusive technique: however, the results are considered meaningful when obtained following accepted standards. Once again is inappropriately tentative.

Based on the foregoing, the Defendant requests that the government be precluded from introducing testimony from the purported voice identification experts in this matter.

Respectfully submitted:

Joseph L. DeCaporale, Jr.
ATTORNEY FOR SILVIO DELEON

400 Reservoir Avenue, Suite G
Providence, RI 02907
(401) 228-8960
(401) 228-8961 (fax)

**BEK TEK LLC**

**Audio/Video Forensic Consultants**

Bruce E. Koenig
Steven A. Killion
Douglas S. Lacey

Tel (703) 631-7099
Fax (703) 266-4461
BEKTEK@cox.net

# LABORATORY REPORT

May 10, 2005

To: Adi Goldstein, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Re: U.S. v. Silvio DeLeon

Reference: Your letter of March 29, 2005

Laboratory Number: 0503300

Specimens received: April 27, 2005, personally delivered by Special Agent (SA) Michael Morehead, Federal Bureau of Investigation, Providence, RI

Q2 One Maxell MC-60UR audio microcassette marked in part "1.14.04" on side A and "1D-15" on side B.

K1 One Maxell MC-60UR audio microcassette marked in part "4/7/05" on side A and "1D-8" on side B.

Results of examination:

An aural and spectrographic comparison was conducted of the unknown voice in the first telephone conversation on specimen Q2, who identifies himself as "Tito", and the known exemplar of Silvio DeLeon on specimen K1, which revealed both aural and spectral similarities, resulting in a Probable Identification decision.

An aural and spectrographic comparison was conducted of the unknown voice in the second telephone conversation on specimen Q2, and the known exemplar of Silvio DeLeon on specimen K1, which revealed both aural and spectral similarities, resulting in a Probable Identification decision.

An aural and spectrographic comparison was conducted of the unknown voice in the third telephone conversation on specimen Q2, and the known exemplar of Silvio DeLeon on specimen K1, which revealed both aural and spectral similarities, resulting in a Probable Identification decision.

It is noted that the aural portion of the comparison between the unknown voice(s) in the three telephone conversations and the known exemplars of Silvio DeLeon revealed very similar vocal characteristics and quality.

The most definitive decision, an Identification, was not possible for the separate telephone call comparisons; this was due to the limited number of comparable words, caused by variations within the speech of the unknown voice(s), and the poor recording and voice quality in some portions of the conversations. If, however, the unknown talker in all three of the telephone conversations is the same individual, allowing the three recordings to be combined for analysis, then the aural and spectral similarities would result in an Identification decision, which is the highest-confidence level determination.

As background, the standards require that every aural/spectrographic voice comparison produce one of seven (7) decisions: Identification, Probable Identification, Possible Identification, Inconclusive, Possible Elimination, Probable Elimination, and Elimination.

Voice identification using the spectrographic method is not considered a completely conclusive technique; however, the results are considered meaningful when obtained following accepted standards.

The voice comparison examination was conducted by Bruce E. Koenig, with Steven A. Killion providing the second opinion.

The custody of specimens Q2 and K1 was retained by SA Michael Morehead.

Bruce E. Koenig 5/10/2005