IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 05-010S |
| | : | |
| SILVIO DELEON | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

Now comes the United States of America, by its attorneys, Robert Clark Corrente, United States Attorney, and Adi Goldstein, Assistant U.S. Attorney, and responds to Defendant's Motion in Limine. As set forth in the attached Memorandum, the government will agree not to call its voice identification expert if the defendant agrees not to raise the issue of spectographic voice identification analysis at trial. This would obviate the need for a pretrial Daubert hearing which would otherwise be required.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

ADI GOLDSTEIN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2005 I faxed and served by first class mail, postage prepaid, a copy of the within Government's Motion and Memorandum, to the following:

Joseph L. DeCaporale, Jr., Esq.
Atttorney for Silvio Deleon
400 Reservoir Avenue, Suite G
Providence, RI 02907

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 05-010S |
| | : | |
| SILVIO DELEON | : | |

MEMORANDUM IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE AND IN SUPPORT OF THE GOVERNMENT'S MOTION IN LIMINE

Defendant Deleon moved to preclude the government from introducing evidence of the spectographic voice identification analysis conducted by the government's expert, Bruce Koenig. Defendant bases his motion on the fact that the opinion that there is a "probable" match between the voice on the recorded phone calls and the voice of the defendant, is too tentative. In his motion, defendant did not request that the court conduct a pretrial Daubert hearing to determine the admissibility of this testimony.

Ordinarily, the government would argue that the proper procedure for the court to exercise its gatekeeping function would be to conduct a pretrial Daubert hearing. In this case, however, the government and the defendant may come to an agreement on this issue in a manner that would conserve judicial resources. Specifically, the government would agree not to call Bruce Koenig to testify, and would omit any reference to the

analysis in its case in chief, if the defendant will commit to the court that he will not raise the issue of voice identification analysis at trial. The government is seeking to avoid any references regarding the availability of voice identification examination that could leave the jury with the impression that either (1) no voice analysis was done, or (2) that the results were not favorable to the government. Neither of these conclusions would be true. Accordingly, the government will agree not to introduce evidence of the spectographic voice identification as long as the defendant agrees not to raise the absence of such evidence before the jury.

In taking this position, the government in no way concedes that Mr. Koenig's opinion and conclusions do not meet the requirements of Fed. R. Evid. 702.

Respectfully submitted,
UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

ADI GOLDSTEIN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2005 I faxed and served by first class mail, postage prepaid, a copy of the within Government's Motion and Memorandum, to the following:

Joseph L. DeCaporale, Jr., Esq.
Atttorney for Silvio Deleon
400 Reservoir Avenue, Suite G
Providence, RI 02907

[signature]